IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                              Case Nos.:  3:12cr17/LAC/EMT
                                                              3:14cv665/LAC/EMT

GILBERTO PARADA-TALLAMANTES

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 72).   The Government filed a response (ECF No. 75), and Defendant filed a reply (ECF No. 79).   The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.   *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).   After a review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied.   *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases.

## PROCEDURAL BACKGROUND

Defendant was charged in two counts of a three-count indictment with conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(b)(1)(A)(ii) and possession with intent to distribute 500 grams or more of cocaine on a date certain (ECF No. 1).   Represented by appointed counsel E. Brian Lang, Esq., Defendant entered a guilty plea pursuant to a written plea agreement and supplement thereto (ECF Nos. 35, 36).   The plea agreement provided that Defendant faced minimum mandatory terms of ten-years imprisonment on Count One and five years on Count Three (ECF No. 35 at 1–2). It also provided that the district court's discretion in imposing sentence was "limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statute for the offenses," that the U.S. Attorney reserved the right "to present evidence and make argument pertaining to the application of the sentencing guidelines," that the sentence was not "subject to accurate prediction," and that "a sentence greater than anticipated shall not be grounds for withdrawal of the Defendant's plea" (ECF No. 35 at 3–4).

The second final Presentence Investigation Report ("PSR") held Defendant accountable for 1,522.47 kilograms of marijuana, corresponding to a base offense

Case Nos.: 3:12cr17/LAC/EMT; 3:14cv665/LAC/EMT

level of 32 (ECF No. 43, PSR ¶ 41).    Defendant was characterized as an organizer

or leader of an activity involving five or more participants, and thus received a four-

level increase pursuant to § 3B1.1(a) (ECF No. 43, PSR ¶ 44).    After a three-level

downward adjustment for acceptance of responsibility, his total offense level was 33

(ECF No. 43, PSR ¶¶ 47, 50).    Defendant's criminal history category was II, and

the applicable advisory guidelines range was 151 to 188 months (ECF No. 43, PSR

¶¶ 83).    At sentencing, after hearing testimony on the issue the court sustained

Defendant's objection to the four-level leadership-role enhancement, instead

applying the three-level managerial enhancement in § 3B1.1(b) (ECF No. 64 at 17–

18).    The revised guidelines range was 135 to 168 months, and the court sentenced

Defendant to concurrent terms of 165 months on each count (ECF No. 64 at 18, 21–

22; ECF No. 51).[1]

Defendant's notice of appeal and incorporated certificate of service, signed by

Attorney Lang, was dated June 25, 2012, but was not docketed until August 15, 2012

(ECF No. 54).    The appeal proceeded, and the record reflects that on April 12,

2013, the Eleventh Circuit removed Mr. Lang as counsel of record after he failed to

---

[1] In 2015, during the pendency of this motion, Defendant's sentence was reduced to 133 months after the court granted his motion pursuant to 18 U.S.C. § 3582 (ECF Nos. 74, 89).

Case Nos.: 3:12cr17/LAC/EMT; 3:14cv665/LAC/EMT

comply with the rules and communications of the court and referred counsel for disciplinary consideration (ECF No. 68).    The Eleventh Circuit appointed Thomas A. Burns, Esq., to represent Defendant via letter dated July 23, 2013 (ECF No. 69).

Defendant's new attorney argued that the district court had erred by imposing the three-level enhancement for being a manager or supervisor of more than five participants pursuant to U.S.S.G. § 3B1.1(b).    The appellate court found that this decision was amply supported by the record and affirmed his sentence (ECF No. 70 at 3–7).

In the present motion, Defendant raises three grounds for relief.    He contends that the Government breached the plea agreement when it advocated for the role enhancement, that due to the application of this enhancement his sentence was in violation of *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and that counsel failed to file an appeal as requested.    The Government opposes the motion.

## ANALYSIS

### General Standard of Review

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.    A prisoner is entitled to relief under section 2255 if the court imposed a

Case Nos.: 3:12cr17/LAC/EMT; 3:14cv665/LAC/EMT

sentence that (1) violated the Constitution or laws of the United States, (2) exceeded

its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise

subject to collateral attack.     *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657

F.3d 1190, 1194 n.8 (11th Cir. 2011).     "Relief under 28 U.S.C. § 2255 'is reserved

for transgressions of constitutional rights and for that narrow compass of other injury

that could not have been raised in direct appeal and would, if condoned, result in a

complete miscarriage of justice.'"     *Lynn v. United States*, 365 F.3d 1225, 1232 (11th

Cir. 2004) (citations omitted).     The "fundamental miscarriage of justice" exception

recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be

shown that the alleged constitutional violation "has probably resulted in the

conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues

raised in a section 2255 motion which have been resolved on direct appeal.

*Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *Rozier v. United*

*States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340,

1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994).

Once a matter has been decided adversely to a defendant on direct appeal, it cannot

be re-litigated in a collateral attack under section 2255.     *Nyhuis*, 211 F.3d at 1343

(quotation omitted).    Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.    *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).    An issue is "'available' on direct appeal when its merits can be reviewed without further factual development."    *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent."    *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective

factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235.    A meritorious claim of ineffective assistance of counsel can constitute cause.    *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.    *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016).    In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy.    *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). *Strickland*'s two part test also applies to guilty pleas.    *Lafler v. Cooper*, 566 U.S. 156, 162–63 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).    A defendant will be required to show that but for counsel's errors, he would not have pleaded guilty and would have instead insisted on proceeding to trial.    *Id.* at 163 (quoting

*Hill*, 474 U.S. at 59).    A defendant's "after the fact testimony concerning his desire

to plead, without more, is insufficient to establish" prejudice.    *Pericles v. United*

*States*, 567 F. App'x 776, 782 (11th Cir. 2014) (quoting *Diaz v. United States*, 930

F.2d 832, 835 (11th Cir. 1991)); *Rosin v. United States*, 786 F.3d 873 (11th Cir.

2015).    A defendant must "convince the court that a decision to reject the plea

bargain would have been rational under the circumstances."    *Padilla v. Kentucky*,

559 U.S. 356, 372 (2010).    In applying *Strickland*, the court may dispose of an

ineffective assistance claim if a defendant fails to carry his burden on either of the

two prongs.    *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316,

1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000)

("[T]he court need not address the performance prong if the defendant cannot meet

the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with

much deference, consider "whether counsel's assistance was reasonable considering

all the circumstances."    *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for*

*Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007).    Reviewing courts are to

examine counsel's performance in a highly deferential manner and "must indulge a

strong presumption that counsel's conduct fell within the wide range of reasonable

professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009)

(quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d

1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of

counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989)

(emphasizing that petitioner was "not entitled to error-free representation").

Counsel's performance must be evaluated with a high degree of deference and

without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. To show

counsel's performance was unreasonable, a defendant must establish that "no

competent counsel would have taken the action that his counsel did take." *Gordon*

*v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*,

218 F.3d at 1315. "[T]he fact that a particular defense ultimately proved to be

unsuccessful [does not] demonstrate ineffectiveness." *Chandler*, 218 F.3d at 1314.

When reviewing the performance of an experienced trial counsel, the presumption

that counsel's conduct was reasonable is even stronger, because "[e]xperience is due

some respect." *Chandler*, 218 F.3d at 1316 n.18.

    With regard to the prejudice requirement, defendant must establish that, but

for counsel's deficient performance, the outcome of the proceeding would have been

different. *Strickland*, 466 U.S. at 694. "The likelihood of a different result must

be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*). For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective

assistance are insufficient to satisfy the *Strickland* test.    *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (*citing Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (*citing Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313.    This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted.    *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000).    "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'"    *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).    The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's

performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory."    *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). Regardless of how the standard is framed, under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance.    A defendant's belief that a certain course of action that counsel failed to take might have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief."    *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008).    Not every claim of ineffective assistance of counsel warrants an evidentiary hearing.    *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)).    To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief.    *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015).    A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.    *See Winthrop–Redin v. United States*,

767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004).    Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.    *Lynn*, 365 F.3d at 1239.    Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

### **Ground One**

Defendant's first assertion is that the Government violated the terms of the plea agreement by advocating for the guidelines role enhancement at sentencing. This claim appears to be based on the fact that the plea agreement contained no specific provision or agreement that this particular guidelines adjustment could, or would, apply in Defendant's case.

Defendant's claim ignores the provision of the plea agreement in which the Government reserved the right to present evidence and make arguments pertaining to the application of the sentencing guidelines (ECF No. 35 at 3).    Additionally, during the plea colloquy when the court asked Defendant "does this written document contain all of the promises that you feel you have from anyone that causes you to enter the plea here today," Defendant responded in the affirmative (ECF No.

63 at 12).    The court also advised Defendant that counsel could not predict his sentence and that the court reserved the right to impose any sentence that might be lawful and proper in his case (ECF No. 63 at 10, 13).

At sentencing Defendant objected to the role enhancement, as noted above, but he did not object to the Government's presentation of evidence and argument in support thereof (*see* ECF No. 64 at 2).    The Government points out in its response that Defendant himself testified at sentencing and voiced neither surprise nor objection to the Government's actions (ECF No. 75 at 4; *see also* ECF No. 64 at 12–15).    The Government also notes that Defendant was aware of the alleged breach of the plea agreement by the time of his appeal, but nonetheless makes no argument here that his appellate lawyer was ineffective for failing to advance this argument on appeal (ECF No. 75 at 4).    As such, the Government maintains that the claim is procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley*, 523 U.S. at 621; *McKay*, 657 F.3d at 1195.

Even if the claim is not procedurally barred, Defendant's allegation that the Government breached the plea agreement by presenting evidence in support of the application of the role enhancement is without merit.    The Eleventh Circuit has stated that "[t]he government is bound by any material promises it makes to a

defendant as part of a plea agreement that induces the defendant to plead guilty."

*United States v. Horsfall*, 552 F.3d 1275, 1281 (11th Cir. 2008) (quotations omitted).

"Whether the government violated the agreement is judged according to the defendant's reasonable understanding at the time he entered his plea." *Id.* The government breaches a plea agreement when it advocates a position incompatible with its promises in the agreement or makes a recommendation "which merely pa[ys] 'lip service' to the agreement." *United States v. Taylor*, 77 F.3d 368, 370–71 (11th Cir. 1996). The Eleventh Circuit has held that plea agreements containing similar language do not bar the Government from presenting its position with respect to various sentencing issues. *See, e.g., United States v. Thomas*, 487 F.3d 1358, 1360-61 (11th Cir. 2007) (Northern District of Florida plea agreement containing language similar to the agreement in this case was not breached by the Government's arguments for consecutive rather than concurrent sentencing); *United States v. Girard*, 440 F. App'x 894, 899–900 (11th Cir. 2011) (Northern District of Florida plea agreement containing similar language was not breached by the Government's request for an upward departure and upward variance). It would have been unreasonable for Defendant to believe that the Government would not advocate for any appropriate adjustments to his base offense level in light of the plain language

of the plea agreement.   *See Girard*, 440 F. App'x at 899.   There was no breach, counsel was not constitutionally ineffective for failing to assert that there was, and Defendant is not entitled to relief on this claim.

## **Ground Two**

Defendant next contends that his sentence, as enhanced by the role adjustment, violated the principles enunciated in *Alleyne v. United States*, 133 S. Ct. 2151 (2013).   Neither the Supreme Court nor the Eleventh Circuit has held that *Alleyne* is retroactively applicable on collateral review.   *See In re Sams,* 830 F.3d 1234, 1241, 1242 (11th Cir. 2016).   Defendant argues that *Alleyne* applies to his case because it was decided during the pendency of his direct appeal.   Regardless, it is factually inapplicable.   *Alleyne* held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the crime, not a "sentencing factor" that must be submitted to a jury.   *Id.* 133 S. Ct. at 2155, 2163.   Application of the § 3B1.1 role adjustment did not increase the statutory mandatory minimum sentence, and Defendant is not entitled to relief.

## **Ground Three**

Defendant's final claim, that counsel was ineffective for failing to file a notice of appeal, is factually incorrect and, if liberally construed, without merit.   As

previously noted, Defendant's appointed attorney filed a notice of appeal, which, for reasons not apparent from the record, did not appear on the electronic docket until two months after the date on the certificate of service.    Defendant's appeal proceeded nonetheless.    Eventually substitute counsel was appointed to advocate on Defendant's behalf on appeal.    Defendant's suggestion that an attorney who was "not fully familiar with the case" could not have properly litigated his appeal is without foundation.    First, it is commonplace for a different attorney to represent a defendant on appeal.    Additionally, because the facts of Defendant's case were anything but complex, consistency of representation was even less of an issue.

Liberally construed, Defendant's claim may be that the attorney who ultimately represented him on appeal did not perform in accordance with constitutional standards.    Due process of law requires that a defendant receive effective assistance of appellate counsel on his direct appeal.    *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).    However, the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue on appeal if counsel, as a matter of professional judgment, decides not to do so.    *Smith v. Robbins*, 528 U.S. 259, 287–88 (2000); *Knowles v. Mirzayance*, 556 U.S. 111, 126–27 (2009); *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983); *Heath v. Jones*, 941 F.2d 1126, 1130–31 (11th Cir.

1991).    It is possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim, but it is difficult to demonstrate in such a situation that counsel's performance was constitutionally ineffective.    *Smith*, 528 U.S. at 288 (citing *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986) ("Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.")); *see also Payne v. United States*, 566 F.3d 1276, 1277 (11th Cir. 2009) (citing *Smith*).    To prevail on a claim for ineffective assistance of appellate counsel, a defendant must show that (1) appellate counsel's performance was deficient, and (2) but for counsel's deficient performance he would have prevailed on appeal.    *Shere v. Sec'y Fla. Dep't of Corr.*, 537 F.3d 1304, 1310 (11th Cir. 2008); *see also Philmore v. McNeil*, 575 F.3d 1251, 1264 (11th Cir. 2009) (holding that claims for ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).    Counsel is clearly not ineffective for failing to raise a meritless issue on appeal.    *Shere*, 537 F.3d at 1311; *Ladd v. Jones*, 864 F.2d 108, 110 (11th Cir. 1989) ("[S]ince these claims were meritless, it was clearly not ineffective for counsel not to pursue them.").    Defendant's conclusory assertion that there were

other meritorious arguments that counsel could have raised on appeal does not entitle him to relief.

### **Conclusion**

For all of the foregoing reasons, the court finds that Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.   Nor has he shown that an evidentiary hearing is warranted.   Therefore Defendant's motion should be denied in its entirety.

### **Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84

(2000) (explaining how to satisfy this showing) (citation omitted).    Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.   The motion to vacate, set aside, or correct sentence (ECF No. 72) be **DENIED**.

2.   A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 6th day of April 2017.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


Case Nos.: 3:12cr17/LAC/EMT; 3:14cv665/LAC/EMT

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   ***See*** **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:12cr17/LAC/EMT; 3:14cv665/LAC/EMT